NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1320
(Opposition No. 91/162,195)

LEO STOLLER,

Appellant,

v.

NORTHERN TELEPRESENCE CORP.,

Appellee.

_____

DECIDED: October 28, 2005

_____

Before CLEVENGER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Leo Stoller's request for an extension of time within which to oppose the registration of DARKSTAR by Northern Telepresence Corp. was denied by the Trademark Trial and Appeal Board ("Board") as untimely, and his opposition was therefore dismissed. Mr. Stoller appeals from this decision. We affirm.

I

The appellee filed a trademark application for the mark DARKSTAR. The application was published in the Official Gazette on January 28, 2003. Law affords "any person who believes that he would be damaged by registration of a mark on the principal register" the opportunity to oppose the registration. See 15 U.S.C. § 1063 (2000). Section 1063 specifies that any such opposition must be filed within 30 days

from official publication of the application. Section 1063 also provides that the time for filing an opposition may be extended by the Director of the Patent and Trademark Office ("PTO"), but expressly provides that any such request for extension of time must be "[u]pon written request prior to the expiration of the thirty day period." Requests for extension of the time within which to file a Notice of Opposition are handled by the Board, which requires that any request for extension of time under section 1063 must be signed by the party requesting the extension. 37 C.F.R. § 2.102(a) (2003).

In this case, the 30-day time period ended on February 27, 2003. Mr. Stoller requested a 90-day extension of time within which to lodge his protest. For purposes of this opinion, we shall refer to this request as the "first request." The first request did not arrive at the PTO, however, until April 3, 2003. The record reflects that the first request bears typewritten dates of February 25, 2003, on the request and the certificate of mailing affixed to the request, but neither the written request nor the certificate of mailing were signed by Mr. Stoller.

At first glance, Mr. Stoller's first request seems clearly out of time, since it was received well after the 30-day statutory period. However, due to Board regulations, Mr. Stoller's request was not necessarily out of time.

The Board treats written submissions received after the expiration of the 30-day period as nonetheless timely if the certificate of mailing procedures specified in Trademark Rule 2.197 are properly followed. That rule requires that, before the expiration of the 30-day period, the written request must be deposited in the mails, properly addressed and stamped, and the request must include a signed certificate stating the date of deposit in the mails. See 37 C.F.R. § 2.197 (2003).

In addition, as noted above, any request for an extension of time must itself be signed by the requestor. Had the first request been signed by Mr. Stoller, and had the affixed certificate of mailing also been signed, the request presumably would have been timely due to satisfaction of the Board's certificate of mailing regulation. Such was not the case, as the February 25 document was unsigned, in violation of section 2.102(a), and the certificate of mailing was unsigned, in violation of section 2.197.

However, the Board gave Mr. Stoller an opportunity to cure the defects of the submission pursuant to Trademark Rule 2.119(e), which provides in relevant part that:

> [E]very request for an extension of time to file an opposition must be signed by the party filing it, or by the party's attorney, but an unsigned paper will not be refused consideration if a signed copy is submitted to the Board within the time limit set forth in the Board's notification of the signature defect.

37 C.F.R. § 2.119(e) (2002). On April 18, 2003, consistent with section 2.119(e), the Board granted Mr. Stoller until May 18, 2003 to submit a properly signed copy of his request.

In response to the April 18 notification, Mr. Stoller submitted a copy of his first extension request. This request, which we shall refer to as the "second request," is undated, but is signed by Mr. Stoller in the body of the request, and the affixed certificate of mailing is also signed, but is dated in handwriting "4/29/03." In Mr. Stoller's response to the applicant's motion to dismiss for failure to file a timely notice of opposition, he concedes that it was the "4/29/03" document that was submitted in response to the April 13 notification. This second request was received by the Board on May 5, well within the May 18 deadline. However, this document did not satisfy the

certificate of mailing requirements, as it was dated "4/29/03," well outside the 30-day time limit. Thus, like the first request, Mr. Stoller's second request was defective.

The record also contains a further purported copy of the original February 25, 2003 first request for an extension of time. We refer to this document as the "third request." The third request is indeed a copy of the first request, and the third request and its certificate of mailing are both signed by Mr. Stoller and dated February 25, 2003.

With regard to the third request, the Board held that "the record contains no evidence that this third extension submission, i.e., a fully signed extension request bearing the February 25, 2003 date, was ever received by the Board or otherwise mailed to the Board by the [May 18] deadline." Alternatively, the Board held that the third request was legally inadequate, even had there been evidence that it was timely received, because Mr. Stoller failed to prove that the third request itself had actually been signed and dated on February 25, 2003, rather than having been signed and dated at a later date as an exact copy of a document that itself had actually been signed and dated within the 30-day statutory time. This alternative holding is based on the Board's interpretation of section 2.119(e) that the "signed copy" to which the regulation refers must be a copy that was actually signed within the 30-day statutory period.

Because Mr. Stoller failed to file a request for extension of time within the regulations that could satisfy the 30-day statutory time limit, the Board held that Mr. Stoller "missed the statutory deadline to file an opposition" and dismissed Mr. Stoller's May 16, 2003, opposition as untimely. Mr. Stoller timely appealed and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

II

We review legal conclusions by the Board <u>de</u> <u>novo</u>, <u>In re Int'l Flavors &</u> <u>Fragrances Inc.</u>, 183 F.3d 1361, 1365 (Fed. Cir. 1999), and the Board's factual findings for substantial evidence, <u>In re Pacer Tech.</u>, 338 F.3d 1348, 1349 (Fed. Cir. 2003).

We first turn to the Board's factual finding that the record fails to show a proper request for extension of time timely filed by Mr. Stoller. As the Board's opinion noted, the state of the record in this case is somewhat less orderly than the Board prefers. In the light of that statement, we called for the full record in order to test the Board's finding that Mr. Stoller failed to make a timely request for extension of time to file an opposition to DARKSTAR. The record does include a copy of the third request, but the record nowhere indicates the date upon which this request was received by the Board. In fact, there is a fax transmission from Mr. Stoller to a legal assistant of the Board dated February 16, 2004 labeled "Re: Request for An Extension Per Board Order Dated 4/18/03." The fax transmission's cover sheet addressed to the legal assistant states in Mr. Stoller's handwriting: "As per your request Eric, please find a timely request for an extension of time filed on 4/29/03 as per Board order dated April 18, 2003." This statement is signed by Mr. Stoller. The document sent by fax in February of 2004 that is purportedly what Mr. Stoller filed in response to the April 18 order, however, is not the "second request" that he had previously stated to the Board, in his response to appellee's motion to dismiss, was his response to the April 18 order. The document sent by fax to the Board's legal assistant in February of 2004 is actually the third request, the document both signed and dated February 25, 2003. Mr. Stoller's fax

transmission statement seeks to substitute the third request for the second request as the document filed to meet the May 18 deadline imposed by the Board.

The record is quite clear that the second request, which was defective, was Mr. Stoller's unsuccessful attempt to comply with the Board's section 2.119(e) relief. Our review of the complete record confirms the correctness of the Board's conclusion that there is no evidence that the third request was ever timely filed, i.e., by May 18, 2003.

Because we conclude that substantial evidence supports the Board's finding that Mr. Stoller failed to file a timely request for extension of time in which to file his opposition, we need not decide whether the Board correctly interpreted section 2.119(e). The Board's decision is affirmed.